RECEIPT #
AMOUNT $ 150.00
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Kim Abaid
DATE 11/21/03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN HOWE,
  Plaintiff,

v

CONTINENTAL CASUALTY COMPANY,
  Defendant

C.A. No.: 03-12350 RGS

MAGISTRATE JUDGE Cohen

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

Plaintiff possessed a long-term disability policy with defendant insurer. The plaintiff brings this claim against defendant for breach of contract for denying plaintiff her benefits to which she is entitled. In denying plaintiff her benefits, defendant breached its long-term disability policy with plaintiff by 1) arbitrarily and capriciously denying benefits prior to a medical review; 2) ignoring the clear medical evidence of plaintiff's continuing disability; and 3) refusing to consider additional evidence of plaintiff's continuing disability when conducting an administrative appeal of the denial of plaintiff's claim for benefits.

### PARTIES

1. The Plaintiff, Kathleen Howe ("Howe"), is an individual who resides in Chelmsford, Massachusetts.

2. Defendant Continental Casualty Company ("Continental") is an insurance company with a principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a).

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391.

## FACTS

5. At all relevant times, the plaintiff has been employed as the President of Howe Surveying Associates, Inc. ("Howe Surveying"), a land-surveying company. As the president, Ms. Howe is involved in all aspects of the business, including meeting with clients, handling employment issues, and participating in field land-surveying work. Her position as president requires her to frequently travel to remote sites to assist with the land-surveying.

6. At all relevant times, H.R. Logic provided Howe Surveying employees with a long-term disability insurance policy through Continental (the "Policy").

7. Ms. Howe has always been a beneficiary of the Policy.

8. Pursuant to the Policy, Continental agreed to pay the plaintiff certain benefits in the event that the plaintiff became disabled. The Policy provides that Ms. Howe is entitled to benefits for 24 months (following the elimination period) if she is unable to perform the material and substantial duties of her regular occupation. The Policy also provides that, after that 24 month period, the plaintiff is entitled to continuing benefits if she is unable to engage in any occupation for which she is or becomes qualified by education, training or experience.

9. In early 2001, the plaintiff became totally disabled as a result of a severe diabetic attack. During that attack, the plaintiff suffered a heart attack and resulting catastrophic damage to her left leg that led to the amputation of the leg.

10. Following this attack, the plaintiff timely placed Continental on notice of her claim for disability benefits. Continental initially approved the plaintiff's claim for total disability benefits for a 24 month period (through April 25, 2003), finding that she was totally disabled from her own occupation.

11. Although the plaintiff did show some improvement in her condition at times in 2002, in December of 2002 the plaintiff experienced another debilitating event. She was admitted to the hospital after suffering at least one heart attack. On December 24, 2002, the plaintiff underwent double bypass surgery at Brigham & Women's Hospital. The surgery included a heart valve repair. The plaintiff was hospitalized until January 1, 2003.

12. Although the plaintiff provided Continental with the medical records concerning her treatment in December of 2002, and provided letters from her treating physicians opining that she was totally disabled, Continental failed to consider the plaintiff's December 2002 attack and resulting treatment in rendering its decision concerning further disability benefits for the plaintiff. In fact, Continental's file indicates that Continental failed to even refer the plaintiff's medical records, and/or the opinions of the plaintiff's treating physicians, to a physician for review.

13. Instead, on March 27, 2003, Continental forwarded a letter to Howe in which Continental made the determination that Howe was able to return to work, not in her own occupation, but in some other occupation for which she was allegedly qualified by education, training or experience. Therefore, Continental informed Howe that her disability benefits would cease at the end of the 24 month period, on April 25, 2003.

14. Continental's March 27, 2003 letter to Ms. Howe was signed by Raenell May, MA, CRC, a "vocational case manager." It does not appear that Ms. May is a licensed medical doctor,

3

nor does it appear that Ms. May reviewed the relevant medical information with a licensed medical doctor before making the determination to cease Ms. Howe's benefits.

15. Ms. Howe appealed the March 27, 2003 determination to Continental's appeals department. On June 19, 2003, Continental issued a letter to Ms. Howe informing her that Continental had denied her appeal and upheld the determination that her benefits ceased on April 25, 2003.

16. The June 19, 2003 letter was signed by Nancy K. Deskins, who is identified as a claims consultant and appeals committee member. It does not appear that Ms. Deskins is a licensed medical doctor or reviewed the relevant medical information with a licensed medical doctor before issuing the decision on Ms. Howe's appeal. Additionally, it is clear that Ms. Deskins failed to properly consider Ms. Howe's December 2002 attack and the resulting treatment in rendering the decisions on Howe's appeal.

17. Since Continental terminated Ms. Howe's disability benefits, Howe has continued to be unable to regularly engage in any occupation. In June of 2003, Howe had a defibrillator implanted in her chest. Such a procedure is reserved for people with a severe risk of further heart attacks. Further, as a result of her diabetes, Ms. Howe's eyesight has greatly deteriorated, requiring cataract surgery. In addition, Ms. Howe regularly attends cardiac rehabilitation programs and, because of her condition, is too weak and fatigued to perform more than the token duties of her employment. Ms. Howe's treating physicians continue to opine that she is totally disabled.

## COUNT ONE
### (Claim for Benefits)

18. The plaintiff repeats and realleges the allegations contained in paragraphs 1-17 of the complaint.

19. Pursuant to the Policy, Continental agreed to pay the plaintiff disability benefits in the event that she became totally disabled.

20. Continental has breached and continues to breach the parties' contract by wrongfully denying Howe disability benefits under the Policy. The plaintiff was injured and continues to be injured as a direct and proximate result of such breaches.

WHEREFORE, the plaintiff, Kathleen Howe, hereby requests that this Honorable Court, after hearing:

1. Enter judgment in plaintiff's favor pursuant to Count I;
2. Award the plaintiff monetary damages plus interest, and costs of litigation;
3. Award the plaintiff attorneys' fees; and
4. Award the plaintiff such other relief as this Court deems just and appropriate.

## JURY DEMAND

The plaintiff, Kathleen Howe, hereby demands a trial by jury on all issues so triable.

                                        KATHLEEN HOWE,
                                        By her attorneys,

*/s/ Thomas E. Kenney*

Robert R. Pierce (BBO#549172)
Thomas E. Kenney (BBO#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444