UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED CLERK'S OFFICE

2004 JAN 20 P 3: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

KATHLEEN HOWE, )
    Plaintiff, )
v. ) CIVIL ACTION NO. 03-12350-RGS
CONTINENTAL CASUALTY COMPANY )
    Defendant

### MEMORANDUM IN SUPPORT OF DEFENDANT CONTINENTAL CASUALTY COMPANY'S RULE 39(a) MOTION TO STRIKE

Defendant submits this memorandum of law in support of its motion to strike Plaintiff's jury demand under Rule 39(a) of the Federal Rules of Civil Procedure.

### RELEVANT FACTUAL ALLEGATIONS

Plaintiff alleges in her Complaint that she was wrongfully deprived of benefits pursuant to a long term disability policy which was issued to H.R.Logic, Inc. Plaintiff further alleges that this action is governed by ERISA, in that this Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a). (See Paragraph 3 of the Plaintiff's Complaint.)

### ARGUMENT

**THE COURT MUST STRIKE PLAINTIFF'S JURY DEMAND AS NO JURY TRIAL IS PERMISSIBLE UNDER ERISA.**

In her Complaint, Plaintiff requests a trial by jury. Although the First Circuit has yet to rule on the issue of whether a plan participant or beneficiary is entitled to a jury trial under

ERISA, the Court has noted that "the precedents of this and other circuits suggest that [a jury trial] would likely have been unavailable. <u>Liston v. Unum Corp. Officer Severance Plan</u>, 330 F.3d 19, 24 (1st Cir. 2003). Moreover, the First Circuit has held that "where the case is decided on the administrative record and no additional evidence is considered, jury trials are not available." <u>Id.</u> (citing <u>Recupero v. New England Tel. & Tel. Co.</u>, 118 F.3d 820, 831-32 (1st Cir. 1997)). Numerous courts in this district and all federal appellate courts that have considered the matter have uniformly held that no such right exists. See, e.g., <u>Turner v. Fallon Community Health Plan Inc.</u>, 953 F. Supp. 419, <u>aff'd on other grounds</u>, 127 F.3d 196 (1st Cir. 1997); <u>Stanford v. AT&T Corp.</u>, 927 F. Supp. 524, 527 (D. Mass. 1996); <u>Fuller v. Connecticut General Life Ins. Co.</u>, 733 F. Supp. 462, 463 (D. Mass. 1990); <u>Jorstad v. Connecticut General Life Ins. Co.</u>, 844 F. Supp. 46, 48 (D. Mass. 1994); <u>Charlton Memorial Hosp. v. Foxboro Co.</u>, 818 F. Supp. 456, 459 (D. Mass. 1993); <u>Borst v. Chevron Corp.</u>, 36 F.3d 1308 (5th Cir.1994), cert. denied, 514 U.S. 1066 (1995); <u>Houghton v. SIPCD. Inc.</u>, 38 F.3d 953 (8th Cir. 1994); <u>Blake v.Unionmutual Stock Life Inc. Co.</u>, 906 F.2d 1525 11th Cir. 1990); <u>Turner v. CF&I Steel Corp.</u>, 770 F.2d 43 (3rd Cir. 1985), cert. denied, 474 U.S. 1058 (1986); <u>Wardle v. Central States. S.E. and S.W. Areas Pension Funds</u>, 627 F. 2d 820 (7th Cir. 1980), cert. denied, 449 U.S. 1112 (1981). The federal courts in this district have based their denial of a jury trial on the fact that all remedies sought under ERISA are equitable in nature - even claims merely seeking plan benefits - for which no jury trial is available. <u>Stanford</u>, 927 F. Supp. at 527; <u>Fuller</u>, 733 F. Supp. at 463.

This Court should adopt the reasoning of all of the federal courts in this district and elsewhere which have addressed this issue and strike Plaintiff's jury demand.

CONTINENTAL CASUALTY COMPANY,
By its attorneys,

_____
Jean M. Kelley, BBO# 265540
Of Counsel, MORRISON MAHONEY &
MILLER, LLP
115 Commonwealth Ave.
Chestnut Hill, MA 02467
617-964-0323

## CERTIFICATE OF SERVICE

I, Jean M. Kelley, hereby certify that I have this 16th day of January, 2004, served a true copy of the Defendant's Answer, Motion to Strike Jury Demand, and Memorandum in Support of Motion to Strike by first class mail, postage prepaid, upon counsel of record:

Robert R. Pierce, Esq.
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108

Jean M. Kelley